I respectfully disagree with the conclusion that the plaintiff presented substantial evidence indicating that the alleged negligence "probably" caused the injury. It is well established, in medical-malpractice cases, that in order to create a jury question as to proximate cause, the plaintiff must present substantial evidence that the alleged negligence probably caused the injury. See McAfee v. Baptist Medical Ctr.,641 So.2d 265, 267 (Ala. 1994). The plaintiff's proof of proximate causation "must be more than a mere possibility . . . that the negligence complained of caused the injury." McAfee, 641 So.2d at 267 (quoting Baker v. Chastain, 389 So.2d 932,934 (Ala. 1980)). As this Court stated in McAfee:
 "`The proof must go further than merely show that an injury could have occurred in an alleged way — it must warrant the reasonable inference and conclusion that it did so occur as alleged — and the inference merely that it could so occur does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause.'"
Id. (quoting McKinnon v. Polk, 219 Ala. 167, 168, 121 So. 539, 540
(1929)) (emphasis added).
Dr. Kale testified in his affidavit that he had "been retained by the Plaintiff to render opinions regarding [1] the Standard of Care rendered to the Plaintiff, [2] possible breach and [3] whether the Plaintiff's injuries could have been avoided or mitigated had her condition been properly evaluated and treated." (Emphasis added.) Dr. Kale testified that if steroid therapy "had been instituted, it is most likelyprobable that blindness would not have occurred." (Emphasis added.)
Expert witnesses typically understand the legal standard that applies in the cases in which their opinions are sought, and they are expected to testify with precision. Saying "most likely probable" is equivalent to saying "probably probable."[5] This reading is supported by Dr. Kale's own statement that he was asked to give his opinion as to "whether the Plaintiff's injuries could have been avoided or mitigated," not as to their probable cause. (Emphasis added.) "Probably probable" falls short of the standard of proof for proximate causation. I would affirm the summary judgment. Therefore, I respectfully dissent.
Maddox, J., concurs.
[5] This presents a compound probability. When probabilities are compounded, they are multiplied, and may well mean "probably not." For example, a 75% probability of a 60% probability is only a 45% probability (.75 x .60 = .45).